UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH R. COPPOLA,<br><br>                     Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                     Respondent. | Case No. 2:23-cv-00513-RFB-NJK<br><br>ORDER |

      Petitioner Joseph R. Coppola, a prisoner in federal custody, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1-1. His petition relates to a 2005 judgment of conviction on two counts of bank robbery in case number CR-S-03-010-LRH(PAL), a case in this district court. The Court has reviewed the petition and finds that it is defective in at least three respects, which are discussed below. Thus, the Court will require Coppola to file an amended petition correcting the defects, if possible, before the Court decides whether to require a response from the government.

      In his petition, Coppola seeks relief on two grounds. First, he alleges that he is being held in the Nevada Southern Detention Center in violation of the laws of the United States. He contends that his sentence is governed by the 2002 version of 18 U.S.C. § 3583(e)(3), which caps his period of "re-imprisonment" while on supervised release at two years. According to Coppola, his current incarceration exceeds two years. Coppola's challenge to the computation of his sentence is correctly brought in a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the

manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court); see also United States v. Espinoza, 866 F.2d 1067, 1071 (9th Cir. 1988) (an alleged error in a sentence credit calculation challenges the Attorney General's execution of a sentence, not the district court's imposition of that sentence).

It is less clear, however, whether Coppola's second ground for relief is properly brought in a § 2241 petition. Coppola alleges that his rights were violated when the sentencing court imposed a SORNA[1] special condition the last two times it revoked his supervised release. Based on Coppola's vague allegations, this Court is not inclined to conclude that a § 2241 petition is available as an avenue for relief with respect to this claim. See, e.g., United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002) (a challenge to the legality of a term or condition of supervised release is limited to direct appeal, a § 2255 motion, or a timely Rule 35(c) motion); see also Prentice v. Bureau of Prisons, 2015 WL 4928953, at *4 (E.D.N.C. Aug. 18, 2015) (explaining that claims challenging the petitioner's supervised release conditions do not fall within the purview of Section 2241). With additional allegations as to the specific circumstances underlying the imposition of the special condition, Coppola may be able to demonstrate he is challenging the execution rather than the legality of his sentence. In its current form, however, his second ground for relief is subject to dismissal.

More importantly, there are additional defects with Coppola's § 2241 petition that warrant dismissal if not corrected. First, the petition does not name the proper respondent. A habeas petition must be directed at the person having custody over the prisoner, and the immediate custodian is generally the warden of the facility where the petitioner is confined. See Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992). Coppola contends that he is being held at the Nevada Southern Detention Center where Christopher Chestnut is the warden. Instead of naming Christopher Chestnut as a respondent in this action, Coppola incorrectly names the United States of America.

---

[1] Sex Offender Registration and Notification Act.

Second, "[f]ederal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); see also Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012); Laing v. Ashcroft, 370 F.3d 994, 997–98 (9th Cir. 2004). "After a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons], has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992). Thus, questions concerning the execution of a sentence should be presented to the Bureau of Prisons in the first instance, and only after exhausting his administrative remedies may a petitioner seek review of the Bureau of Prison's decision under § 2241. See id. It does not appear that Coppola has exhausted his administrative remedies. Thus, his amended petition must contain either information demonstrating exhaustion or an explanation why exhaustion should be excused.

**IT IS THEREFORE ORDERED** that the Clerk shall **file** the petition for writ of habeas corpus (ECF No. 1-1). The Clerk shall refrain from serving the respondents at this time, pending the amendment of the petition.

**IT IS FURTHER ORDERED** that Coppola shall have **30 days** from the date this order is entered on the docket within which to file an amended petition that corrects the deficiencies identified in this order.[2] If Coppola fails to respond to this order in the time allotted, the Court shall conclude that he has decided not to pursue this matter, and shall enter an order dismissing this case, without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall **send** the petitioner **a Section 2241 habeas petition form**, a copy of the instructions for the form, and a copy of his initial habeas petition.

April 28, 2023.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

---

[2] This order does not explicitly or implicitly hold that the petition otherwise is free of deficiencies.