UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH R. COPPOLA, | Case No. 2:23-cv-00513-RFB-NJK |
| Petitioner, | |
| v. | ORDER |
| CHRISTOPHER CHESTNUT, Warden of Nevada Southern Detention Center, | |
| Respondent. | |

Petitioner Joseph R. Coppola, a prisoner in federal custody, seeks habeas relief under 28 U.S.C. § 2241 in relation to his sentence under a 2005 judgment of conviction on two counts of bank robbery in case number 2:03-cr-00010-LRH-PAL, a case in this District Court. In a prior order, this Court identified multiple defects in Coppola's initial petition (ECF No. 7) and directed him to file an amended petition to correct them. ECF No. 6. In response to that order, he has filed an amended petition and an accompanying memorandum. ECF Nos. 8, 9. For reasons that follow, the amended petition is dismissed without prejudice.

**Background**[1]

On April 5, 2005, Coppola was convicted of two counts of bank robbery and sentenced to 188 months in prison followed by 3 years of supervised release. Since April 2018, Coppola has been re-incarcerated four times while on supervised release. Most recently, after a revocation hearing on April 11, 2023, he was sentenced to ten months to be served consecutively with a state case in California, with no supervised release to follow.

---

[1] The Court takes judicial notice of the dockets in case numbers 2:99-cr-00217-APG-LRL-2 and 2:03-cr-00010-LRH-PAL.

The judgment revoking his supervised release and imposing the sentence was entered on April 14, 2023. Coppola subsequently filed both a motion to correct the sentence under Fed. R. Crim. 35(a) and a notice of appeal. The motion was denied; and the Court of Appeals has appointed counsel and set a briefing schedule with respect to the appeal. Coppola is also currently detained in pre-revocation custody in another criminal case in this Court, case number 99-cr-00217-APG-LRL-2.

## Discussion

In his amended petition, Coppola claims that he is entitled to habeas relief because his sentence is governed by the 2002 version of 18 U.S.C. § 3583(e)(3), which caps his period of "re-imprisonment" while on supervised release at two years. According to Coppola, his current incarceration exceeds two years. He also claims that, under 18 U.S.C. § 3585(b), he is entitled to credit for time served, which means that he has already completed the ten-month sentence imposed on April 11, 2023.

In the order screening Coppola's initial petition, this Court explained that federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court.[2] Accordingly, the Court instructed Coppola that his amended petition must contain either information demonstrating exhaustion or an explanation why exhaustion should be excused. Coppola contends that exhaustion of administrative remedies is futile because the error underlying his claim was committed by U.S. District Court not the Federal Bureau of Prisons. If that is the case, however, he is contesting the legality of his sentence, not the manner in which it is being executed.

"Generally, motions to contest the legality of a sentence must be filed under [28 U.S.C.] § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernandez

---

[2] The Court also determined that Coppola failed to name a proper respondent and questioned whether one of his two grounds for relief was properly brought as a claim under 28 U.S.C. § 2241. ECF No. 6. Coppola's amended petition names the proper respondent and omits the questionable ground for relief.

2

v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (citations omitted). As a practical matter, this Court cannot, in a habeas proceeding, sit in judgment of the Court's decision in Coppola's criminal case. If Coppola prevailed in this case, the only remedy available would be an order directing his custodian to disregard the order of another judge in this Court, which would put the custodian in the position of having to disobey one of the Court's two orders. Moreover, Coppola has an appeal of the Court's sentencing decision pending in the Court of Appeals.[3] Because this Court is unable to provide Coppola any habeas relief, this case must be dismissed.

## Conclusion

**IT IS THEREFORE ORDERED** that Petitioner Coppola's amended petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF Nos. 8, 9) is DISMISSED without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to (1) enter final judgment dismissing this action without prejudice and (2) close this case.

Dated: June 8, 2023.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

---

[3] The Court takes judicial notice of Case No. 23-782 in the United States Court of Appeals for the Ninth Circuit.